**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PAUL LEE HARRIS,

                Plaintiff,             Case Number: 2:26-CV-10289

v.                                    HON. BRANDY R. MCMILLION
                                    UNITED STATES DISTRICT JUDGE

ALINDA FLOREK,

                Defendant.

                                       ,
_____

**<u>OPINION AND ORDER DENYING PLAINTIFF LEAVE TO
PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS
AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE</u>**

Plaintiff Paul Lee Harris, a state prisoner in the custody of the Michigan Department of Corrections, has filed a complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Along with his Complaint, Harris submitted a Prisoner Trust Fund Account Statement. ECF No. 2. The Court has reviewed these filings and for the reasons below, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(A).

* * *

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *Id.*; *see also Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006). Harris failed to

provide the $350.00 filing fee, plus the $ 52.00 administrative fee, when he filed his Complaint.  Instead, he filed a Prisoner Trust Fund Account Statement, which the Court construes as a request to proceed without prepayment of fees or costs based on an indigent status.  However, the financial statement shows that Harris currently has a spendable account balance in his prison trust fund account of $561.40, which is greater than the fee to file a civil action.  *See* ECF No. 2, PageID.28.

Title 28 U.S.C. § 1915(e)(2)(A) states:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:  (A) The allegation of poverty is untrue ...

Under 28 U.S.C. § 1915(e)(2)(A), a district court must dismiss a case if there is an incorrect or unsubstantiated claim of indigence by the plaintiff.  *See Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  The spendable account balance of $561.40 in Harris's prison trust fund account indicates that he has sufficient funds to pay the full amount of the filing fee.

When a district court determines that allegations of indigence are untrue, dismissal is required under the mandatory language of 28 U.S.C. § 1915.  *See Redd v. Redmon*, 215 F.3d 1327 (Table), 2000 WL 658291, at *1 (6th Cir. May 9, 2000) ("Section 1915(e)(2)(A) requires the district court to dismiss the case if the court

determines that the allegation of poverty is untrue").  "Dismissal on this ground is not discretionary." *Woodson v. United States*, 89 Fed. Cl. 640, 647, n. 14 (2009).

For this reason, the Court **DENIES** Plaintiff leave to proceed without prepayment of fees and costs and the Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(A).  The dismissal is without prejudice to Plaintiff filing a new complaint in a new case with the payment of $ 350.00 filing fee plus the $ 52.00 administrative fee.

**IT IS SO ORDERED.**

Dated:  February 18, 2026                    s/Brandy R. McMillion
                                             BRANDY R. MCMILLION
                                             United States District Judge